<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHRISTOPHER STONE**, <br><br> Plaintiff, <br><br> v. <br><br> **ALLIED INDUSTRIAL SUPPLY, LLC**, <br><br> Defendant. | Civil Action No. 22-5941 (ZNQ) (LHG) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

  **THIS MATTER** comes before the Court upon a Motion to Transfer Case to United States District Court for the Western District of Michigan filed by Defendant Allied Industrial Supply, LLC ("Defendant"). ("Motion", ECF No. 10.) Defendant filed a Brief in Support of its Motion. ("Moving Br.", ECF No. 10-1.) Plaintiff Christopher Stone ("Plaintiff") filed a Memorandum in Opposition ("Opp'n", ECF No. 13), to which Defendant replied ("Reply", ECF No. 14).

  The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will GRANT Defendant's Motion to Transfer.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

  The instant matter was removed from Hunterdon County on October 7, 2022. (ECF No. 1.) This action arises out of a dispute over Plaintiff's alleged unauthorized access, conversion, and use of property belonging to Defendant in order to compete against Defendant for business in

1

violation of Plaintiff's contractual obligations and in contravention of federal and state law.[1] (Moving Br. at 1.) Specifically, Defendant contends that Plaintiff breached his obligations under a Non-Competition and Confidentiality Agreement entered into between the parties in the context of Defendant's purchase of the assets of Lehigh Valley Abrasives, LLC, a business founded by Plaintiff. (*Id.*; "Stuart Decl.", ECF No. 10-2, ¶ 3.) On April 1, 2022, Defendant sent a letter to Plaintiff notifying him about its discovery of his breaches of his obligations under the Non-Competition and Confidentiality Agreements. (Stuart Decl., ¶ 3.) Plaintiff responded and the parties thereafter engaged in discussions to explore whether an amicable resolution of Defendant's claims might be reached and litigation avoided. (*Id.* ¶ 4.) In the April 1, 2022 letter, and in subsequent discussions with Plaintiff's counsel, Plaintiff was expressly advised that Defendant intended to commence litigation against him in the event a suitable resolution was not reached. (*Id.*)

On June 15, 2022, Plaintiff advised Defendant that he was unwilling to engage in mediation with any preconditions by Defendant. (*Id.* ¶ 7.) On June 28, 2022, Plaintiff filed this lawsuit in New Jersey State Court. (*Id.* ¶ 8.) On September 2, 2022, Defendant commenced an action against Plaintiff in the United States District Court for the Western District of Michigan.[2] This matter was removed to this Court on October 7, 2022. (ECF No. 1.) On February 24, 2023, Defendant filed the instant Motion to Transfer. (ECF No. 10.)

---

[1] Namely, Defendant purchased from Plaintiff two email addresses, one Hotmail account and one Gmail account, both of which Plaintiff utilized to facilitate and conduct the business of the entity whose assets were purchased by Defendant. (Moving Br. at 2.) Defendant claims that Plaintiff "clandestinely accessed and changed the log-in credentials for the Hotmail Account and the Gmail Account, thus seizing control of them and their contents and preventing [Defendant] from all access to either." (*Id.*)
[2] Docket No. 22-cv-815.

## II.     LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of this section is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616 (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

In deciding motions to transfer venue, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Rather, courts have considered "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.

The first step in a court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district. If the first prong of the inquiry is satisfied, the court then should determine whether a transfer would be in the interests of justice. *Jumara*, 55 F.3d at 879. This Court notes that the party moving to transfer a case on grounds of inconvenience has the burden of showing that the existing forum is inconvenient. *Britamco Underwriters v. Raymond E. Wallace Productions, Inc.*, 56 F. Supp. 2d 542, 545 (E.D. Pa. 1999).

### III.  DISCUSSION

Defendant claims that this matter should be transferred to the United States District Court for the Western District of Michigan because Defendant is—and at all times relevant was—based in Michigan, where the injury occurred, and where the parties agreed to litigate disputes arising out of the Non-Compete Agreement in its forum selection clause.  (Moving Br. at 8.)  In Opposition, Plaintiff claims that New Jersey is the only venue in which all claims indisputably belong because the 2014 Asset Purchase Agreement's ("APA") venue provision indicates that the APA "is to be construed and interpreted in accordance with the laws of the State of New Jersey and subject to the sole jurisdiction of the State of New Jersey or the federal courts with jurisdiction in the same."  (Opp'n at 1.)  Moreover, Plaintiff claims that the first-filed rule applies which "ordinarily counsels deference to the suit that was filed first, when two lawsuits involving the same issues and parties are pending in separate federal courts," which would promote keeping the suit in New Jersey.  (*Id.* at 16.)  Lastly, the public and private interest factors support keeping the action in New Jersey because the APA forum selection clause controls, the dispute arose in New Jersey, and Defendant did not substantiate that the witnesses may be unavailable for trial in New Jersey.  (*Id.* at 21–23.)

#### A.  FIRST-FILED RULE

The Third Circuit has adopted the first-filed rule, which states that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)).  The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank." *Id*. at 971.  Its primary purpose is to "avoid burdening the federal judiciary and to prevent the judicial embarrassment of

conflicting judgments." *Id*. at 977 (citing *Church of Scientology v. United States Dept. of Army*, 611 F.2d 738, 750 (9th Cir.1979)). Although exceptions to the rule are rare, it is not a "rigid or inflexible rule to be mechanically applied" because it is grounded in principles of equity. *Id*. at 976–77 (quoting *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir.1982)). Rare or extraordinary circumstances, inequitable conduct, bad faith, and forum shopping are proper bases upon which a court may decline to apply the first-filed rule. *Id*. at 976. For this exception to apply, courts in this district have recognized that "[s]ome evidence that the first-filed case was filed for the purpose of forum shopping . . . is necessary before courts find it was improperly anticipatory, and therefore warrant[s] departure from the first-filed rule." *Strategic Ben. Sols. Corp. v. Benefitelect, Inc.*, Civ. No. 19-14277, 2020 WL 4364329, at *3 (D.N.J. Jul, 29, 2020) (citing *Eagle Pharm., Inc. v. Eli Lilly & Co.*, Civ. No. 17-6415, 2018 WL 3492145, at *4 (D.N.J. Jul. 20, 2018)).

Defendant argues that one such exception applies here. (Moving Br. at 7.) Namely, Defendant argues that Plaintiff engaged in bad faith forum shopping after he learned of Defendant's inclination to file suit against him in Michigan in the April 1, 2022 letter. (*Id.*) Plaintiff on the other hand argues that the April 1, 2022 letter did not threaten the imminent filing of a suit in Michigan. (Opp'n at 17.)

A brief review of the April 1, 2022 letter plainly threatens suit. Specifically, the letter from Defendant's attorney states "[o]ur client takes these violations very seriously, and it will take any and all steps necessary to enforce those rights, *including but not limited to litigation*." (Stuart Decl. Ex. 1 at 2) (emphasis added). Seeing that Plaintiff does not contest that he received this correspondence, the letter alone is sufficient evidence that shows that Defendant intended to file a lawsuit against Plaintiff seeking to enforce its rights under the Non-Compete Agreement in the event the parties could not reach an agreement to mediate the parties' disputes. *See Strategic Ben.*

5

*Sols. Corp.*, 2020 WL 4364329, at *3 (holding that that the receipt of an email "indicating that Defendants were imminently going to file suit" was sufficient evidence to find that the first-filed rule did not apply because the plaintiff engaged in a bad faith anticipatory filing.)

Furthermore, Plaintiff's filing of his preemptive declaratory judgment action in New Jersey not only speaks to his efforts to avoid facing Defendant's substantive claims in Michigan, but bears on the equities to be weighed by the Court when deciding this motion. The deference ordinarily afforded to a first-filed action is diminished where declaratory relief is sought and a second-filed action seeks substantive relief on the merits. *See Tele Marketers, Inc. v. Inventel Prods., LLC*, Civ. No. 16-2316, 2016 WL 4267950, at *5 (D.N.J. Aug. 10, 2016) ("The Third Circuit has affirmed a decision of this district declining to hear a declaratory judgment action in favor of a second-filed action for coercive relief.") (citing *Honeywell, Int'l, Inc. v. Int'l Union*, 502 F. App'x. 201 (3d Cir. 2012)). Indeed, in *Honeywell*, the Third Circuit recognized the approach followed by its sister circuits in *Research Automation, Inc. v. Schrader-Bridgeport, Int'l, Inc.*, 626 F.3d 973 (7th Cir. 2010) and in *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535 (6th Cir. 2007), as providing additional support for its affirmance of the district court's decision to dismiss a first-filed declaratory judgment action in favor of a subsequently-filed action on the merits of the same disputes. *Honeywell*, 502 F. App'x. at 206. The same rationale applies here as Plaintiff filed his preemptive declaratory judgment action in New Jersey, and weighs in favor of disregarding the first-filed rule.

Plaintiff also argues it has a legitimate claim against Defendant that was properly filed in New Jersey. (Opp'n at 7.) However, "the Court need not determine the validity of the claim or if it was properly filed; the Court must merely determine if that claim was brought at the time 'in anticipation of the opposing party's imminent suit in another, less favorable, forum.'" *Id.* at *4

6

(quoting *E.E.O.C.*, 850 F.2d at 976). Here, as in *Honeywell*, the Court concludes that "although Plaintiff's claims may be valid, because Plaintiff demonstrated bad faith and acted in an anticipatory manner to achieve a desired forum, the First-Filed Rule does not apply." *Id.* Accordingly, the Court declines to follow the first-filed rule because Plaintiff engaged in a bad faith anticipatory filing.

      B.      **TRANSFERRING VENUE**

The crux of Defendant's Motion is to transfer the case to the United States District Court for the Western District of Michigan. Defendant provides the Court seven reasons why the case should be transferred. Namely, Defendant argues that Plaintiff improperly engaged in forum shopping (Moving Br. at 7), the private and public interest factors weigh in favor of transfer (*id.* at 10), the forum selection clause in the Non-Compete Agreement should rule (*id.* at 13), the harm occurred in Michigan (*id.* at 8), Defendant is located in Michigan and conducts its business there (*id.*), there is a substantial disparity in the number of pending cases between the two district courts (*id.* at 15), and the dispute involves questions of Michigan State-specific law (*id.* at 15–16). Plaintiff opposes these positions by arguing that New Jersey is the proper venue for the suit because of the forum selection clause of the APA (Opp'n, at 8), Defendant did not properly plead its Motion to transfer (*id.* at 9), the forum selection clause in the Non-Compete Agreement is permissive (*id.* at 10), the first-filed rule should be followed (*id.* at 16), and the private and public interest factors support keeping the action in New Jersey (*id.* at 21).

Section 1404(a) provides three statutory factors: "convenience of parties, convenience of witnesses, or interests of justice." 28 U.S.C. § 1404(a). The Court must consider these factors, along with several public and private interest factors. *Jumara*, 55 F.3d at 879. Courts decide motions to transfer under 28 U.S.C. § 1404(a) on an "individualized, case-by-case consideration

of convenience and fairness." *Stewart Org., Inc.*, 487 U.S. at 29 (quoting *Van Dusen*, 376 U.S. at 622). The balancing of interest factors remains discretionary and is afforded substantial deference so long as the "balancing . . . is reasonable." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). The public interest factors are:

> (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (internal citations omitted). The private interest factors are:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* at 879 (internal citations omitted).

1. Public Interest Factors

The public interest factors weigh in favor of transfer. Some public interest factors may "play no role" in a § 1404(a) analysis because they are neutral. *Strategic Ben. Sols. Corp.*, 2020 WL 4364329, at *5 (citing *Lomanno v. Black*, 285 F.Supp.2d 637, 647 (E.D. Pa. 2003)). While neither party here addresses factors (1) and (5),[3] Plaintiff concedes that factor (3) weighs in favor of transfer, but contests the other five factors. (Opp'n at 23.)

Factor (2) considers the "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. Transferring this case to the Western

---

[3] Factors (1) and (5) will therefore be considered neutral factors. *Strategic Ben. Sols. Corp.*, 2020 WL 4364329, at *5.

District of Michigan, where it could be consolidated with the already pending Michigan case, is more expeditious than having two similar cases proceeding simultaneously. *See Unlimited Tech., Inc. v. Leighton*, 266 F. Supp. 3d 787, 798 (E.D. Pa. 2017) (finding that consolidating similar cases in different forums is expeditious but refusing to transfer because the other filing was in anticipatory and in bad faith). Moreover, the results between the two forums may conflict. *Id*. Despite the potential increased travel distance and cost, the parties will likely realize a reduction in cost resulting from the Western District of Michigan's diminished caseload, which results in a shorter duration of time to resolve disputes and therefore weighs in favor of transfer. *See Strategic Ben. Sols. Corp.*, 2020 WL 4364329, at *5. Factor (2) therefore weighs in favor of transferring the suit.

Factor (4) considers "the local interest in deciding local controversies at home." *Jumara*, 55 F.3d at 879. The parties each have cognizable claims in the respective forums. Both forums have an indistinguishable interest in deciding each local controversy, so this factor appears neutral. "However, Plaintiff's bad faith anticipatory filing in the Superior Court of New Jersey usurped Defendant's likely filing first in [Michigan]." *Id.* "Thus, in the interest of justice, the Court weighs this factor in favor of transfer." *Id.*

In addition, factor (6) weighs in favor of transfer because the parties chose the laws of the State of Michigan to govern disputes concerning the Non-Compete Agreement. *See* (Stone Decl. Ex. B, ECF No. 13-2, ¶¶ 6,7.) The parties' choice of law in the Non-Compete Agreement is material, where the dispute involves not only the enforcement of restrictive covenants but also a claim for liquidated damages against Plaintiff as provided therein. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) ("There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court

in some other forum untangle problems in conflict of laws, and in law foreign to itself.")  Thus, the sixth public interest factor weighs in favor of transfer.

In summary, the public interest factors applicable here counsel in favor of transferring this action to the Western District of Michigan.

2. <u>Private Interest Factors</u>

The private interest factors also weigh in favor of transfer.  Factor (6) is neither discussed nor raised by any of the parties as it is not applicable to the instant matter.  As such, the Court will only analyze and discuss the first five factors.

As a threshold matter, it is clear that the Western District of Michigan is a forum where the parties' disputes could have properly been brought in the first instance.  *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 487 (D.N.J. 1993) ("for a transfer to be proper, the transferee forum must be in which the suit might have been brought.")  In the substantive federal action, Defendant seeks damages arising out of Plaintiff's breaches of the Non-Compete Agreement.  The Non-Compete Agreement provides that ""[a]ny action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement may be brought against any of the parties in the courts of the State of Michigan, County of Kent, or, if it has or can acquire jurisdiction, in the United Stated District Court for the Western District of Michigan, and each of the parties consents to the jurisdiction of such courts."  (Stone Decl. Ex. B, ECF No. 13-2, ¶ 7.)  It is undisputed that this clause was a part of the signed, agreed upon Non-Compete Agreement.  However, the Western District of Michigan is an appropriate venue for Defendant's claims even setting aside the parties' contractual agreement as to the propriety of venue being laid there for the separate and independent reason that a substantial part of the events or omissions giving rise thereto occurred in that District.

The private interest factors also weigh in favor of transfer even with respect to Defendant's claim against Plaintiff for violation of the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the attendant

venue limitations applicable to it under 28 U.S.C. § 1400.  Specifically, Section 1400(a) provides, "[c]ivil actions, suits, or proceedings under any Act of Congress relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides or may be found."  Although Defendant concedes that neither Plaintiff nor his agent "resides" within the Western District of Michigan, he nevertheless "may be found" there.  As courts in this District have explained, "[a] defendant in a copyright action 'may be found' wherever the defendant is subject to personal jurisdiction; therefore, 'venue in a copyright action is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'"  *Oshinskie v. O'Grady*, Civ. No. 17-3696, 2018 WL 5985243, at *6 (D.N.J. Oct. 25, 30218) (quoting *Gourmet Video, Inc. v. Alpha Blue Archives, Inc.*, Civ. No. 08-2158, 2008 WL 4755350, at *1 (D.N.J. Oct. 29, 2008)).  It is undisputed that Plaintiff signed the Non-Compete Agreement which expressly subjected him to litigate issue in Michigan should any arise.  (Stone Decl. Ex. B, ECF No. 13-2, ¶ 7.)  Thus, because the Western District of Michigan has personal jurisdiction over Plaintiff respecting the parties' disputes relating to his breach of the Non-Compete Agreement, it may properly exercise personal jurisdiction over the other claims because they all inarguably arise out of the same common nucleus of operative facts.  *Koresko v. Bleiweis,* Civ. No. 04-769, 2005 WL 2436693, at *5 n.6 (E.D. Pa. Sep. 27, 2005) (citing *Robinson v. Penn Central Co.*, 484 F.2d 553, 555 (3d Cir.1973)).

      Aside from the aforementioned, the private interest factors also weigh in favor of transferring this action to the Western District of Michigan.  Factor (1) is "plaintiff's forum preference as manifested in the original choice."  *Jumara*, 55 F.3d at 879.  Plaintiff argues that the first Count in his Complaint[4] in conjunction with his preference for New Jersey warrants New

---

[4] Declaratory Judgment with regard to the alleged APA violations.

11

Jersey venue. (Opp'n at 22.) The Court agrees; "[i]f a plaintiff chooses a home forum, its choice of venue is entitled to greater deference." *Jumara*, 55 F.3d at 879 (citation omitted). However, where a related action is pending in another forum, a plaintiff's choice is entitled to less deference in certain circumstances. *Unlimited Tech.*, 266 F. Supp. 3d at 796 (E.D. Pa. 2017). Defendant prefers the Western District of Michigan. "The Court gives deference to Defendant's choice despite the pending action in New Jersey because the Court has determined that Plaintiff's New Jersey filing was both in bad faith and anticipatory." *Strategic Ben. Sols. Corp.*, 2020 WL 4364329, at *6; *See also*, *Unlimited*, 266 F. Supp. 3d at 796.

Factor (3) considers "whether the claim arose elsewhere." *Jumara*, 55 F.3d at 879. The parties each have claims that arose in the respective forums. "Had Plaintiff's filing not been in bad faith and anticipatory, this factor would be neutral and weigh in favor of no transfer. But in the interest of justice, due to Plaintiff's bad faith anticipatory filing, the Court weighs this factor in favor of transfer." *Strategic Ben. Sols. Corp.*, 2020 WL 4364329, at *6.

Factors four and five (convenience of the parties and witnesses) also weigh in favor of transfer to the Western District of Michigan. Defendant is located in Michigan, conducts its business from Michigan, and its employees (as well as its principal officer who negotiated the subject transaction and Non-Compete Agreement) are located there. While Plaintiff resides in New Jersey, the burden for him to appear and litigate in Michigan is outweighed by the comparative burden in having Defendant's corporate representative(s) and employee-witnesses litigate and appear in New Jersey. *See Fimbel Door Corp. v. United States Fidelity & Guaranty Co.,* Civ. No. 90-1187, 1990 WL 191920 (D.N.J. Nov. 5, 1990) (noting that the Court "may look beyond the residence of the filing party and may properly consider which forum would be more convenient for the employees of the parties.") Moreover, Plaintiff's position is diminished by the

fact that he knowingly agreed to Michigan as an acceptable venue as part of the parties' forum selection clause.

Lastly, it is important to note that Plaintiff's reliance on the forum-selection clause of the APA is misplaced. Defendant explicitly states that "the dispute between [Plaintiff] and [Defendant] is not, and never was, about the APA", but rather about the Non-Compete Agreement. (Reply at 1.) The breaches of the APA that occurred were resolved via a settlement that was entered in August 2015. (*Id.* at 2.) Instead, "it is [Plaintiff]'s actions that occurred after the parties' settlement–which have nothing to do with Stone's or Allied Industrial's obligations under the APA–that give rise to certain of [Defendant]'s claims." (*Id.*) Thus, in light of the above, it is evident that the private interest factors also weigh in favor of transferring the matter to the Western District of Michigan.

### IV.    CONCLUSION

For the reasons stated above, the Court will GRANT Defendant's Motion to Transfer. An appropriate Order will follow.


Date: **April 6, 2023**

                                                       s/ Zahid N. Quraishi
                                                       **ZAHID N. QURAISHI**
                                                       **UNITED STATES DISTRICT JUDGE**